# **<u>EXHIBIT 1</u>**

| **Summons** | CIVIL DOCKET NO.  1983CV00639 | **Trial Court of Massachusetts**  **The Superior Court** |
|---|---|---|

CASE NAME:

Benjamin Garcia

*Plaintiff(s)*

VS.

Anthony Scott et al

*Defendant(s)*

Robert S. Creedon, Jr.      **Clerk of Courts**

Plymouth      **County**

COURT NAME & ADDRESS:

Plymouth Superior Court

72 Belmont Street

Brockton, MA 02301

---

THIS SUMMONS IS DIRECTED TO C.T. Corporation System, Registered (Defendant's name)
Agent for Home Depot, Inc.

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the  Plymouth Superior  Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,  Plymouth Superior  Court 72 Belmont Street, Brockton, MA 02301      (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Attorney James Memigan, 185 Devonshire St, Suite 1100, Boston, MA 02115

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

Joseph P Casey

A true copy Attest:

Deputy Sheriff Suffolk County

7-15-19

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

## 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

## 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant _____ , Chief Justice on _____ , 20 ____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____      Signature: _____

N.B.   TO PROCESS SERVER:

      PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

# COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, SS.**

**PLYMOUTH SUPERIOR COURT
CIVIL ACTION NO.:**
1983CV00639

BENJAMIN GARCIA,
    Plaintiff,

vs.

ANTHONY SCOTT,
COMPLETE LABOR & STAFFING LLC,
and HOME DEPOT U.S.A., INC.,
    Defendants.

**COMPLAINT**

)
)
)
)
)
)
)
)
)
)
)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JUN 1 3 2019

*[signature]*
Clerk of Court

## FACTUAL BACKGROUND

1.  The plaintiff, Benjamin Garcia, is an individual residing in Columbus, Ohio.

2.  The defendant, Anthony Scott, is an individual residing in Brockton, County of Plymouth, Massachusetts.

3.  The defendant, Complete Labor & Staffing LLC, (hereinafter 'Complete Labor') is a New Hampshire corporation with a principal place of business located at 24 Orchard View Drive in Londonderry, New Hampshire, a usual place of business in Massachusetts located at 85 Munroe Street, Lynn, Massachusetts, and a registered agent for the receipt of service process identified as Derek Heath, 85 Munro Street, Lynn, Massachusetts.

4.  The defendant, Home Depot U.S.A., Inc. (hereinafter "Home Depot"), is a Delaware corporation with a principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia and a usual place of business identified as The Home Depot, 177 Willard Street, Quincy, Massachusetts. Said defendant has a registered agent for the receipt of service of process identified as Corporation Service Company, 84 State Street, Boston, Massachusetts.

5.  At all times relevant hereto, the defendant, Home Depot, contracted with Precision Store Works to perform set-up and remodel services for its retail store located at 177 Willard Street in Quincy, Massachusetts.

6.  At all relevant times hereto, the plaintiff was employed by Precision Stone Works. On July 15, 2016, while in the course and scope of his employment with Precision Stone Works, the plaintiff was lawfully within the premises of said Home Depot.

Pp. 1 of 4

7.    Upon information and belief, the defendant, Complete Labor, operating a staffing business and contracted with the defendant, Home Depot, to supply temporary labor workers in connection to the set-up and remodeling services provided by Precision Store Works. On or about July 15, 2016, the defendant, Anthony Scott, was one such employee of the defendant, Complete Labor, within the premises of the Willard Street Home Depot store.

8.    Upon information and belief, the defendant, Anthony Scott, had an extensive criminal record including violent offenses prior to July 15, 2016.

9.    On or about July 15, 2016, the defendant, Anthony Scott, viciously, and without provocation. attacked and assaulted the plaintiff thereby causing the plaintiff serious and disabling injuries.  The attack occurred while both the plaintiff and Mr. Scott were in the course of the respective employments and on the property of the defendant, Home Depot, at 177 Willard Street, Quincy, Massachusetts.

## COUNT I – NEGLIGENCE
### (Anthony Scott)

10.    The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 9 above as though fully set forth herein.

11.    The plaintiff alleges that defendant, Anthony Scott, is liable to the plaintiff for failure to exercise reasonable care and acting in a careless and negligent manner.

12.    As a result of the negligence of the defendant, Anthony Scott, the plaintiff was caused to suffer serious personal injuries, great pain and suffering, mental anguish, lost wages and/or diminished earning capacity and past, present and future medical expenses.

13.    The plaintiff, Benjamin Garcia, is entitled to recover from the defendant, Anthony Scott, a monetary award representing all damages proximately caused by the negligence of said defendant.

    **WHEREFORE**, the plaintiff demands judgment against the defendant for the full amount of his damages, plus interest, costs, expenses, and attorney's fees.

## COUNT II – RESPONDEAT SUPERIOR
### (COMPLETE LABOR & STAFFING LLC)

14.    The plaintiff, Benjamin Garcia, adopts and realleges the statements made in paragraphs 1 through 13 as though fully set forth herein.

15.    The negligence of defendant Anthony Scott, referred to above, was committed while he was acting within the course and scope of his employment with defendant, Complete Labor.

16.    The defendant, Complete Labor, is vicariously liable for the damages recoverable to the plaintiff, Benjamin Garcia.

17.     The plaintiff, Benjamin Garcia, is entitled to recover from the defendant, Complete Labor, a monetary award representing all damages proximately caused by the negligence of defendant, Anthony Scott.

WHEREFORE, the plaintiff, Benjamin Garcia, demands judgment against the defendant, Complete Labor & Staffing LLC, for the full amount of his damages, plus interest, costs, expenses and attorney's fees.

## COUNT III– NEGLIGENT HIRING & RETENTION
## (COMPLETE LABOR & STAFFING, LLC)

18.     The plaintiff, Benjamin Garcia, adopts and realleges the statements made in paragraphs 1 through 17 as though fully set forth herein.

19.     The negligence of defendant, Anthony Scott, referred to above, was committed while he was acting within the course and scope of his employment with defendant, Complete Labor.

20.     At all times relevant hereto, the defendant, Complete Labor, had a duty to exercise reasonable care in the hiring and retention of its employees, especially when the employee will be in a situation to cause harm to people.

21.     Upon information and belief, the defendant, Anthony Scott, possessed a criminal record including violent offenses prior to his hiring by the defendant, Complete Labor & Staffing.

22.     At all times relevant hereto, the defendant, Complete Labor, its agents, servants, and/or employees, hired and retained defendant, Anthony Scott, in such a manner so as to cause injury to the plaintiff, and that said injury was the result of the defendant's negligent hiring and retention of the defendant, Anthony Scott.

23.     Furthermore, the defendant, Complete Labor, is liable to the plaintiff for the failure of its agents, servants, and/or employees to exercise reasonable care which includes, but is not limited to, failing to protect lawful patrons of the premises, failing to supervise its agents, servants and/or employees, and failing to provide adequate security for lawful patrons of the premises.

24.     The unprovoked and unjustified attack upon the plaintiff by the defendant, Anthony Scott, was reasonably foreseeable and, as such, the defendant's, Complete Labor & Staffing, negligence in the hiring and retention of Anthony Scott was a proximate cause of July 15, 2016 attack on the plaintiff and resulting serious injuries

25.     At all times relevant hereto, and upon information and belief, the defendant Complete Labor & Staffing's failure to exercise due diligence in its hiring and retention of its employees, specifically Anthony Scott, caused or contributed to the plaintiff's serious personal injuries.

26. That, as a direct and proximate result of the negligence of the defendant, Complete Labor & Staffing LLC, its agents, servants, and/or employees, the plaintiff was caused to suffer serious personal injuries, great pain and suffering, mental anguish, lost wages and/or lost earning capacity, as well as past, present and future medical expenses.

**WHEREFORE**, the plaintiff, Benjamin Garcia, demands judgment against the defendant, Complete Labor & Staffing LLC, for the full amount of his damages, plus interest, costs, expenses and attorney's fees.

## COUNT IV – NEGLIGENCE
### (HOME DEPOT U.S.A, INC.)

27. The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 26 above as though fully set forth herein.

28. At all times relevant hereto, the defendant, Home Depot, had a duty to exercise reasonable care in the security of the premises so as to protect persons lawfully on the premises, including the plaintiff, from physical harm caused by foreseeable acts.

29. On or about July 15, 2016, the defendant, Home Depot, its agents, servants, and/or employees, negligent failure to provide reasonable security caused serious injury to the plaintiff.

**WHEREFORE**, the plaintiff, Benjamin Garcia, demands judgment against the defendant, Home Depot U.S.A., Inc., for the full amount of his damages, plus interest, costs, expenses and attorney's fees.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,
By Counsel for the Plaintiff,

Dated: 5-31-2019

James M. Merrigan, B.B.O. #: 635354
Steven M. Litner, B.B.O. #: 630247
**RAWSON MERRIGAN & MERRIGAN, LLP**
185 Devonshire Street, Suite 1100
Boston, MA  02110
Tel. (617) 348-0988
Fax (617) 348-0989
James.Merrigan@RML-Lawyers.com
Steven.Litner@RML-Lawyers.com